**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-1056

_____

ISLAND CREEK COAL COMPANY; CONSOL ENERGY, INCORPORATED,

         Petitioners,

      v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; ROBERT E. FRAZIER,

         Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (2019-06074-BLA, 2021-0505-BLA)

_____

Argued:  March 18, 2026                                    Decided:  March 26, 2026

_____

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

_____

Petition for review denied by unpublished per curiam opinion.

_____

**ARGUED:**  William Steele Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioners.  Amanda Torres, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Samuel Brown Petsonk, PETSONK PLLC, Oak Hill, West Virginia, for Respondents.  **ON BRIEF:**  Mary L. Bryson, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioners.  Bren J. Pomponio, Laura Davidson, MOUNTAIN STATE JUSTICE, Charleston, West Virginia, for Respondent Robert E. Frazier.  Seema Nanda, Solicitor of Labor, Barry H. Joyner, Associate Solicitor, Jennifer Feldman Jones, Deputy Associate Solicitor, Sean Bajkowski, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company and CONSOL Energy, Inc. (collectively, "Island Creek") petition this Court for review of a 2023 decision of the Benefits Review Board (the "BRB"). That decision affirmed a 2021 award by an Administrative Law Judge (the "ALJ") of black lung benefits to 95-year-old retired West Virginia coal miner Robert E. Frazier, pursuant to the Black Lung Benefits Act of 1977. Mr. Frazier began mining coal in the Mountain State in 1952, and he retired from that noble occupation in 1988. During his decades-long coal mining career in southern West Virginia, Mr. Frazier worked solely for Island Creek. Now, in these administrative proceedings, Island Creek maintains that Mr. Frazier's 2017 claim for benefits under the Black Lung Benefits Act is untimely, and that he is not entitled to benefits because he is not "totally disabled" by pneumoconiosis.

We review an order of the BRB by "undertak[ing] an independent review of the record" to determine if the ALJ's findings of fact are supported by substantial evidence. *See Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995); *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 207 (4th Cir. 2000). To that end, "[s]ubstantial evidence is more than a mere scintilla" — rather, it is characterized as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938). Furthermore, we review de novo the legal conclusions of the BRB and the ALJ. *See Dehue Coal Co.*, 65 F.3d at 1193.

In these circumstances, having carefully assessed the relevant administrative record — along with the appellate submissions of the parties and the argument of the able lawyers presented in Richmond — we are satisfied to deny Island Creek's petition for review. Put

2

simply, we are of opinion that the BRB correctly affirmed the ALJ's legally-sound and well-supported award of black lung benefits to Mr. Frazier.

*PETITION FOR REVIEW DENIED*